## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**EDDIE L. PUGH**                                                                 **PETITIONER**

**VS.**                        **NO. 4:20-cv-00362 BRW/PSH**

**DEXTER PAYNE, Director of the**
**Arkansas Department of Correction**                                             **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Eddie L. Pugh ("Pugh"), currently in the custody of the Arkansas Department of Correction (ADC), seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. On September 19, 2016, Pugh entered a guilty plea in Poinsett County Circuit Court to the charge of second-degree murder and was sentenced to 20 years' imprisonment followed by a suspended sentence of 10 years. Docket entry no. 7-2, pages 19-20. Having entered a guilty plea, a direct appeal was unavailable to Pugh.

Almost two years later, on July 2, 2018, Pugh filed a "Motion to Correct Mistake in Sentencing Order" with the trial court. Pugh maintained the sentence should have been 10 years' imprisonment, to be followed by a suspended sentence of 10 years. *Id.* at 23-24. On August 23, 2018, Pugh filed a "Petition Seeking The Writ of Error Coram Nobis." *Id.* at 25-54. Pugh alleged fraud or mistake, coerced guilty plea, and withheld evidence as grounds for the writ of error coram nobis. The trial court, in September 2018, denied the relief requested by Pugh in his petitions. Among other things, the trial judge cited the Plea and Sentence Recommendation, signed by Pugh, and the Sentencing Order, both of which reflect a 20 year sentence to be followed by a 10 year suspended term. Docket entry no. 7-2, pages 41-42, 47-48. On appeal, the Arkansas Supreme Court affirmed the trial court's decision. *Pugh v. State*, 2019 Ark. 319 (mandate issued on December 19, 2019).

On April 1, 2020, Pugh filed this federal habeas corpus petition, alleging a miscarriage of justice and a coerced guilty plea as his claims for relief. In his response to the petition, respondent Dexter Payne ("Payne") contends that the statute of limitations bars consideration of these claims. Docket entry no. 7. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne contends that Pugh should have filed his federal habeas petition on or before October 19, 2017 in order to comply with the timeliness provisions of 28 U.S.C. § 2244. Specifically, Payne calculates Pugh's conviction became final thirty days after the entry of judgment, on October 19, 2016. The petition was filed more than twenty-nine months after the limitations period expired, according to Payne. Thus, Payne urges that the petitioner's failure to act sooner is fatal to the petition.

Pugh asserts that the statute of limitations was tolled while his post conviction motions were pending through appeal, and his habeas petition was filed less than a year after the Arkansas Supreme Court's denial of his petition for writ of error coram nobis.

Payne is correct that Pugh's conviction became final on October 19, 2016, thirty days after the entry of the guilty plea. *See Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015). Pugh's postconviction petitions were filed in July and August of 2018. By the

time his postconviction petitions were filed, the one year statute of limitations for filing a habeas petition had already expired. Thus, "there was no federal limitations period remaining to toll." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). The statute of limitations expired on October 19, 2016. As a result, Pugh's habeas petition is time-barred.

The Court recognizes that the failure to file a timely petition can be excused under some circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

In his answer to Payne's response to the habeas petition, Pugh offers the following reasons why the limitations period should be equitably tolled: (1) *Martinez v. Ryan*, 566 U.S. 1(2012), *Trevino v. Thaler*, 133 S.Ct. 1913 (2013), and *Dansby v. Hobbs*, 766 F.3d 809 (8th Cir. 2014), *cert. denied sub nom*, *Dansby v. Kelley*, 2015 WL 5774557 (U.S.S.Ct. October 5, 2015); (2) some state court action, beyond his control, caused him to file the untimely petition; and (3) the unavailability of a direct appeal of his guilty plea amounted to an external impediment causing his failure to file a timely petition. Docket entry no. 9.

None of the reasons advanced by Pugh serve to equitably toll the limitations

4

period.  The mere citation of *Martinez*, *Trevino*, and *Dansby* does not advance Pugh's cause or benefit the Court.  These cases typically are relevant when a petitioner argues against a procedural bar to his claims, not when, as here, Pugh is trying to demonstrate why his federal petition was untimely.  These cases, even liberally construed, do not operate to equitably toll the limitations period.

Pugh next points to some state court action he claims resulted in his untimely filing of this case.  He does not clearly specify the nature and effect of the state court action.  The record does not reflect any state court action which erected a barrier to Pugh's ability to file a federal habeas corpus petition.  Furthermore, there was no apparent barrier to filing state court petitions.  Pugh does not allege he was prevented from filing any state court pleadings during the twenty three months following his guilty plea.  He simply does not establish any factual or legal basis for equitable tolling based on state court action.

Finally, Pugh cites the Arkansas statutory scheme prevented him from filing a timely federal habeas petition.  Specifically, he faults  Arkansas law for providing no direct appeal for those who enter guilty pleas.  This critique, however, largely misses the point, as any argument about Arkansas remedies relate to state appellate relief.[1]  Pugh's argument does not explain how or convince the Court that the inability to file a direct appeal in his case prevented him from filing a federal habeas petition within

---

[1] While those entering guilty pleas in Arkansas are not entitled to a direct appeal, Pugh does not argue that postconviction remedies were unavailable to him. Arkansas Rule of Criminal Procedure 37 provides a remedy for those who enter a guilty plea. Such a Rule 37 petition should have been filed within ninety days of the entry of judgment. A.R.Cr.P. 37.2(c)(1).

the limitations period.

The issues raised by Pugh opposing Payne's limitations argument are without merit. None of his claims establish that he was prevented by a party or by external circumstances from filing a timely federal habeas petition. His arguments are not factually specific and focus more on dissatisfaction with the Arkansas statutory scheme and state court rulings and inaction, which are not valid reasons to equitably toll the limitations period.

## CONCLUSION

There was no statutory tolling of the limitations period because Pugh's state court petitions psot-dated the expiration of the limitations period. *See Painter v. Iowa, supra*. And for the reasons stated herein, the limitations period was not equitably tolled after it began on October 19, 2016. Pugh's April 2020 federal habeas petition was untimely. For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, it recommends denial of the certificate of appealability.

IT IS SO ORDERED this 4th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE